UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WAYNE TOLES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:15-cv-01715-TWP-DML |
| | ) |
| OUTBACK STEAKHOUSE, | ) |
| | ) |
| Defendant. | ) |

**Entry Dismissing Action for Lack of Jurisdiction**

Plaintiff Wayne Toles filed this civil action pro se on October 28, 2015. He alleges that he was slandered by his former employer, Outback Steakhouse. For the reasons explained below, this Court lacks jurisdiction over this state law claim and this action must be dismissed for lack of jurisdiction.

**Discussion**

"Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *State of Illinois v. City of Chicago,* 137 F.3d 474, 478 (7th Cir. 1998). "Subject-matter jurisdiction means adjudicatory competence over a category of disputes." *Wisconsin Valley Imp. Co. v. United States,* 569 F.3d 331, 333 (7th Cir. 2009)(citing *Kontrick v. Ryan,* 540 U.S. 443 (2004), and *Eberhart v. United States,* 546 U.S. 12 (2005). Thus, a court has subject-matter jurisdiction if it has the "authority to decide the case either way." *The Fair v. Kohler Die & Specialty Co.,* 228 U.S. 22, 25 (1913) (Holmes, J.). Slander is a state law claim over which this federal district court lacks subject matter jurisdiction.

In addition, there is no allegation which would support the exercise of the court's diversity jurisdiction as to any claim under Indiana state law. This is because a district court cannot exercise diversity jurisdiction if the plaintiff shares the same state citizenship as any one of the defendants. *Whalen v. Carter,* 954 F.2d 1087, 1094 (5th Cir. 1992) (citing *Strawbridge v. Curtiss,* 3 Cranch 267, 7 U.S. 267 (1806)); *see also Hart v. FedEx Ground Package Sys. Inc.,* 457 F.3d 675, 676 (7th Cir. 2006).

The Court is also aware that on October 22, 2015, Toles filed an employment discrimination claim against Outback Steakhouse, which was docketed as case number 1:15-cv-1678-WTL-DKL. It appears that the best course of action would have been to file an amended complaint in 1:15-cv-1678-WTL-DKL alleging the both the employment discrimination and slander claims. If Toles seeks to bring a state law slander claim against Outback Steakhouse, he should attempt to do so in 1:15-cv-1678-WTL-DKL pursuant to the court's supplemental jurisdiction. See 42 U.S.C. § 1367(c)(3).

When it is determined that a court lacks jurisdiction, its only course of action is to announce that fact and dismiss the case. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998)("'Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'")(*quoting Ex parte McCardle*, 7 Wall, 506, 514, 19 L.Ed. 264 (1868)). That is the case here.

Judgment dismissing this action for lack of jurisdiction shall now issue.

**IT IS SO ORDERED.**

Date: 10/30/2015

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

WAYNE TOLES
2112 N. Spencer
Indianapolis, IN 46218